IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72,338-01 AND WR-72,338-02






EX PARTE ISMAEL MANZO MUJICA, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W96-75824-P(A) AND W96-01831-P(A) IN THE 203RD DISTRICT
COURT FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two
delivery of a controlled substance offenses and sentenced to 10 years' confinement and 2 years'
confinement, respectively.

 Applicant raises various claims challenging the merits of his convictions and resulting
sentences. The trial judge entered findings recommending that these applications be dismissed
because the sentences have discharged. However, there is nothing in the record which verifies that
the sentences have discharged. In these circumstances, additional facts are needed. As we held in
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit stating: (1) whether the TDCJ has a record that Applicant has been convicted of the
challenged offenses (cause nos. 96-75824 and 96-01831); and, (2) whether the TDCJ has a record
that the sentences in the challenged offenses have discharged, and, if so, shall identify the discharge
dates.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether the TDCJ has a record that Applicant
has been convicted of the challenged offenses. The trial judge shall also make findings of fact as to
whether Applicant's sentences in the challenged offenses have discharged and, if so, when the
sentences discharged. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 45 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 30, 2009

Do not publish